Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Melanie Meneses Palmer, State Bar No. 286752
*palmer@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

Jason A. Itkin (*Pro Hac Vice*)
Noah M. Wexler (*Pro Hac Vice*)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
jaiteam@arnolditkin.com
e-service@arnolditkin.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MATTHEW MADDUX<br><br>        *Plaintiff,*<br><br>        v.<br><br>GENERAL DYNAMICS LAND SYSTEMS, INC.; HONEYWELL INTERNATIONAL INC.; and DOES 1-100, inclusive,<br><br>        *Defendants.* | Case No. 02:19-cv-05815-SVM-SS<br>**JOINT STIPULATION, AGREED MOTION FOR CONTINUANCE, & REQUEST FOR TELEPHONIC STATUS CONFERENCE** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW**, Plaintiff Matthew Maddux ("Plaintiff" or "Maddux"), Defendant General Dynamics Land Systems, Inc. ("GDLS") and Defendant Honeywell International Inc. ("Honeywell") (collectively the "Parties"), by and through counsel, and pursuant to Local Rules 7-1, 16-9, 40-1, and this Court's Standing Order and Procedures hereby stipulate, agree, and move the Court as follows:

 1. This matter is currently set for trial on **June 9, 2020** and Final Pretrial Conference on June 1, 2019. (Doc. # 37).

 2. Despite the diligent effort and cooperation of all Parties, the current trial date and governing pretrial deadlines do not afford an adequate amount of time to prepare this matter for trial. *See* Ex. A – Declaration of Noah M. Wexler.

 3. Good cause exists for the continuance of the current trial setting until at least **November 2, 2020** accompanied by the issuance of an Amended Docket Control Order which extends the pretrial deadlines in alignment with the new requested trial date. For the convenience of the Court and its staff, the Parties have included as Exhibit B to this motion a Proposed Agreed Amended Docket Control Order for consideration should the Parties' requested relief be granted. *See* Ex. B – Proposed Agreed Amended Docket Control Order.

 4. The requested relief is not sought for the purposes of delay but so justice may be done. As described above, the Parties have been working diligently to prepare this matter for trial.

 5. Plaintiff initiated this matter in April 2019.

 6. On August 5, 2019 a status conference was held during which the court set a trial date of March 31, 2020. (Doc. # 19).

 7. On October 23, 2019, upon receiving information which he considered to identify Honeywell as an additional necessary party, Plaintiff amended his

Complaint and to add Honeywell as a defendant. (Doc. # 24).

8.    Defendant Honeywell timely filed its answer on December 2, 2019. (Doc. # 30).

9.    On January 7, 2020, Honeywell filed a Stipulation to Vacate Trial Date and Request for Status Conference. (Doc. # 36).

10.    Thereafter, the Court set this matter for trial on June 9, 2020 and set the final Pretrial Conference for June 1, 2020. (Doc. # 37).

11.    Plaintiff Matthew Maddux is a U.S. Marine and his alleged injuries occurred during an on base Marine exercise while he was operating a Military owned tank. Consequently, the information, witnesses and documents at the crux of this lawsuit are controlled by the U.S. government.

12.    The Parties have been diligently pursuing discovery from each other and the government in this matter. The Plaintiff has presented himself for deposition, after obtaining leave from his commanding officer as has his mother and father who are fact witnesses in this matter.  Plaintiff's brother Sean Maddux was scheduled to be deposed but as he remains an active duty service member, his deposition had to be rescheduled. In addition, Plaintiff's fiancé's deposition was scheduled to occur in March but it had to be cancelled due to the COVID19 outbreak because the witness's duties as a nurse and frontline first responder have not permitted her to take off time from work.

13.    Defendant GDLS issued its first Touhy Request to the Marines on September 23, 2019.  Defendant GDLS issued its supplemental Touhy Request to the Marines on December 2, 2019. Defendant Honeywell issued its first Touhy Request to the Marines on December 11, 2019. Plaintiff Maddux issued his first revised Touhy Request to the Marines on January 6, 2020.

14.    The Touhy requests sought access to the subject tank for inspection. They also set forth several categories of relevant documents which include

maintenance and activity records for the tank and investigation reports related to the subject incident, correspondence from USMC to Defendants regarding the tank and/or the NBC system. The Touhy requests also sought assistance in scheduling the depositions of individuals, including incident witnesses, who are believed to be enlisted personnel of the Marine Corps.

15.    Since last brought to the Court's attention, the Parties have continued to work diligently to coordinate with the Marines and Army to schedule an inspection of an exemplar tank as the subject tank was not available for inspection.

16.    After months of coordination, the inspection of an exemplar tank occurred on March 4, 2020 in Anniston, Alabama and was attended by Counsel, military personnel, and experts for all Parties.

17.    As noted above, the Parties have requested specific documents and information from the government by way of Touhy and deposition requests. *See e.g.* Ex. C – Supplemental Touhy Request of GDLS.  More specifically, the Parties have requested a number of categories of documents set forth with the requisite specificity in their respective Touhy requests and have requested depositions of the following individuals:

               a.  Cpt. Christopher Silva;

               b.  Maj. Brian Perez;

               c.  Maj. Jason Slye;

               d.  Sgt. Kevin Guzman;

               e.  Sgt. Joshua Brightmon;

               f.  Cpl. William Wood;

               g.  LCpl.  Guillermo Moreno;

               h.  Sgt. Everett Tucker;

               i.  Cpl. Sergio Martinez;

               j.  LCpl. Raymond Delgado; and

4

k.  LCpl. Marcus Salas.

18.    To date, no document production from the Government has been provided nor have any non-party military personnel depositions been permitted.

19.    The Government did advise that 5 of the USMC personnel who were requested for deposition are now out of the Marine Corps.  The parties are pursuing the depositions of these individuals; however none are expected to appear voluntarily for deposition. Once COVID-19 restrictions are lifted they can be served with subpoenas and depositions taken.

20.    In the meantime, the Parties have worked together to coordinate written discovery efforts. In the last 30 days GDLS has commenced rolling production and produced thousands of pages of documents to Plaintiff and Honeywell has provided its first set of document production to Plaintiff. Honeywell is also searching for and reviewing additional documents.

21.    Plaintiff is in the process of receiving and reviewing Defendants' initial discovery responses and production and identifying witnesses from each of the Defendants that he needs to depose in order to prepare this case for trial. Even once received, the volume of documents to be reviewed will be significant and the witness(es) with knowledge will need to be set for deposition with many of them residing outside of California. Given that Plaintiff has yet to receive these materials, it has not yet been possible for Plaintiff to identify said witnesses at this juncture.

22.    In addition, upon demand of Defendants, Plaintiff volunteered to travel to California from Texas to undergo a series of Defense Medical Examinations which in turn required authorization for leave from his commanding office.  These examinations were schedule to occur on March 17, 18th, and 19th, but had to be taken off calendar due to the COVID-19 state of emergency.

23.    In addition, the Parties have been coordinating the depositions of Plaintiffs' medical providers including (amongst dozens of other providers):

JOINT STIPULATION, AGREED MOTION FOR CONTINUANCE, & REQUEST FOR STATUS CONFERENCE

a.  Dr. Rodney Chan;

b.  Dr. Johnathan Chon;

c.  Dr. John Culhan; and

d.  Dr. John Bruno

24.   Unfortunately, due to the recent COVID19 outbreak and the resulting government actions restricting travel, recommended social distancing, and the recent shelter in place order issued by the Governor of California, these examinations which were coordinated months in advance had to be cancelled and the depositions of these medical providers and other fact witnesses have been indefinitely delayed.

25.   It is unclear at this time when the fallout of the COVID-19 outbreak will cease. Consequently, it remains uncertain as to how long the outbreak will continue to impede discovery in what was already a significant and complex case.

26.   Notably, the Parties have selected two agreed upon third party mediators and are in the process of scheduling mediation in this matter to occur in May. Plaintiff continues to work on his damage related expert reports despite the current restrictions on travel and the impediment it has created for ongoing discovery in this matter.  Plaintiff intends on providing these reports as soon as practical along with individualized demands to each of the Defendants in this matter for their consideration in advance of the mediation that is being scheduled between the Parties.

27.   Pursuant to Federal Rule of Evidence 201(b)(1), the Court is requested to take Judicial Notice of the "shelter in place" orders set forth by Governor Newsome for the State of California.

28.   Simply put, in light of the complexity of this matter and the impediments and difficulties arising out of the COVID-19 outbreak, the Parties jointly request that the Court, vacate the June 9, 2020 trial date and related deadlines, in order to allow the Parties to continue their efforts to obtain the

JOINT STIPULATION, AGREED MOTION FOR CONTINUANCE, & REQUEST FOR STATUS CONFERENCE

cooperation of the government with discovery and properly prepare for trial. The parties also jointly request that the Court set a scheduling conference to take place on or around June 6, 2020 (the currently set trial date) at which point the Parties can report on the status of discovery and set a feasible date for trial.

**DATED: March 26, 2020**

**IT IS AGREED SO STIPULATED:**

**KIESEL LAW LLP**

By:   */s/ Paul R. Kiesel*
Paul R. Kiesel
Melanie Palmer

**ARNOLD & ITKIN LLP**

By:   */s/ Noah M. Wexler*
Noah M. Wexler *(Pro Hac Vice)*

*Attorneys for Plaintiff Matthew Maddux*

**DYKEMA GOSSETT LLP**

By:  */s/ Tamara Bush (with permission)*
     DEREK W. WHITEFIELD
     TAMARA A. BUSH
     ANUM AMIN
     *Attorneys for Defendant HONEYWELL*
     *INTERNATIONAL INC.*

**LORBER, GREENFIELD & POLITO, LLP**

By:  */s/ William Pascoe (with permission)*
     STEVEN M. POLITO
     WILLIAM T. PASCOE
     *Attorneys for Defendant GENERAL*
     *DYNAMICS LAND SYSTEMS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 26, 2020.

By:  */s/ Noah M. Wexler*
     Noah M. Wexler

8