# EXHIBIT 1

Paul R. Kiesel, State Bar No. 119854
kiesel@kiesel.law
Melanie Meneses Palmer, State Bar No. 286752
palmer@kiesel.law
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

Jason A. Itkin (Pro Hac Vice Pending)
jitkin@arnolditkin.com
Noah M. Wexler (Pro Hac Vice Pending)
nwexler@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

Attorneys for Matthew Maddux

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MATTHEW MADDUX,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL DYNAMICS LAND SYSTEMS, INC.; HONEYWELL INTERNATIONAL INC.; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 02:19-cv-05815-SVW-SS<br><br>Assigned to Hon. Stephen V. Wilson<br>Courtroom:  10A<br>Magistrate Suzanne H. Segal<br>Courtroom:  590<br><br>**DECLARATION OF NOAH M. WEXLER IN SUPPORT OF JOINT STIPULATION, AGREED MOTIONF FOR CONTINUANCE, AND REQUEST FOR STATUS CONFERENCE**<br><br>**Complaint Filed:**       April 11, 2019<br>**1st Amend Complaint:** Oct. 23, 2019<br>**Trial Date:**                June 6, 2020 |

1

**Declaration of Noah M. Wexler**

1.   I, **Noah M. Wexler**, do hereby affirm and declare that the following statements are true and correct, and are based upon my personal knowledge, unless such matters are stated upon information and belief and, in those matters, I am informed and do believe that such matters are true and correct. I am an attorney at law, duly admitted to practice before all of the courts of the State of Texas, and admitted to practice before this Federal Court *pro hac vice*.

2.   I am a senior lawyer with the law firm of Arnold & Itkin LLP, counsel of record for the Plaintiff in this matter.

3.   On behalf of Plaintiff, diligent efforts have been made to seek and obtain critical information, documentation, and testimony relating to Plaintiff's claims in the form of written discovery to the Defendants, acquisition and production of medical and billing records, responses to written discovery, Freedom of Information Act requests to the government and, requests for records, information, and deposition testimony from the United States Marine Corps (USMC), which is represented by the lawyers / officers in the Judge Advocate General's office of the U. S. Navy.

4.   All of the information requested from the USMC or the Navy must proceed as a "Touhy" request, which is a formal request for information promulgated to the Federal government, which is the procedure utilized following the decision of *Touhy v. Ragen* 340 U. S. 462 (1951).

5.   On January 6, 2020, on behalf of Plaintiff, I sent our current Touhy request to the officer in charge for the Navy, Lt. Peter Tyson Marx, USN. Lieutenant Peter Marx is a JAG officer with the U. S. Navy in Washington, D. C. (<u>Exhibit 3</u> to the Parties' Joint Stipulation, Agreed Motion for Continuance, and Request for Status Conference, a true and correct copy of Plaintiff's *Touhy* request.).

6.   Plaintiff's *Touhy* includes the requisite information including: (1) a brief description of the case; (2) contact information for all counsel; (3) whether the U. S. government will be a party; (4) a statement of relevance; (5) a statement that the expenses of the witness will be paid; (6) a statement whether factual, opinion or expert

testimony is being sought; (7) an agreement to provide at least ten days-notice to the government; (8) an agreement that neither the government nor the witness will be responsible for any of the expenses; (9) a detailed description of the documents, things, or testimony sought; (10) the date and time for production; (11) the location of the witness or records to be produced; (12) a statement of the requestor's willingness to pay in advance for all reasonable costs and expenses of searching for and producing the documents requested; (13) an agreement to provide a copy of the transcript without charge to the witness; and (14) a statement of understanding that the United States reserves the right to have a representative present at the trial or hearing.

7. In addition, the Parties have requested depositions of the following individuals:

    a. Cpt. Christopher Silva;
    b. Maj. Brian Perez;
    c. Maj. Jason Slye;
    d. Sgt. Kevin Guzman;
    e. Sgt. Joshua Brightmon;
    f. Cpl. William Wood;
    g. LCpl. Guillermo Moreno;
    h. Sgt. Everett Tucker;
    i. Cpl. Sergio Martinez;
    j. LCpl. Raymond Delgado; and
    k. LCpl. Marcus Salas.

8. As of the date of this Declaration, I have yet to receive a response to Plaintiff's Touhy request and no documents, information, or deposition dates have been provided or confirmed. The Government did advise that 5 of the USMC personnel who were requested for deposition are now out of the Marine Corps. The parties are pursuing the depositions of these individuals; however none are expected

to appear voluntarily for deposition. Once COVID-19 restrictions are lifted they can be served with subpoenas and depositions taken.

9. Despite this, the Parties have continued to work diligently to coordinate with the Marines and Army to schedule an inspection of an exemplar tank as the subject tank was not available for inspection.

10. After months of coordination, the inspection occurred on March 4, 2020 in Anniston, Alabama and was attended by Counsel, military personnel, and experts for all Parties. The Parties were prohibited from taking photographs or video of the vehicle or its appurtenances, but photos and videos were taken by JAG designated personnel.

11. The Parties have been diligently pursuing discovery from each other and the government in this matter.

12. The Plaintiff has presented himself for deposition, after obtaining leave from his commanding officer as has his mother and father who are fact witnesses in this matter.

13. Plaintiff's brother Sean Maddux was scheduled to be deposed but as he remains an active duty service member, his deposition had to be rescheduled.

14. In addition, Plaintiff's fiancé's deposition was scheduled to occur in March, but it had to be cancelled due to the COVID19 outbreak because the witness's duties as a nurse and frontline first responder have not permitted her to take off time from work.

15. In the meantime, the Parties have worked together to coordinate written discovery efforts. In the last 30 days GDLS has commenced rolling production and produced thousands of pages of documents to Plaintiff and Honeywell has provided its first set of document production to Plaintiff. Honeywell is also searching for and reviewing additional documents.

16. In addition, upon demand of Defendants, Plaintiff volunteered to travel to California from Texas to undergo a series of Defense Medical Examinations which

in turn required authorization for leave from his commanding office. These examinations were schedule to occur on March 17, 18th, and 19th, but had to be taken off calendar due to the COVID-19 state of emergency.

17. In addition, the Parties have been coordinating the depositions of Plaintiffs' medical providers including (amongst dozens of other providers):

    a. Dr. Rodney Chan;

    b. Dr. Johnathan Chon;

    c. Dr. John Culhan; and

    d. Dr. John Bruno

18. Unfortunately, due to the recent COVID19 outbreak and the resulting government actions restricting travel, recommend social distancing, and the recent shelter in place order issued by the Governor of California, these examinations which were coordinated months in advance had to be cancelled and the depositions of these medical providers and other fact witnesses have been indefinitely delayed.

19. It is unclear at this time when the fallout of the COVID19 outbreak will cease. Consequently, it remains uncertain as to how long the outbreak will continue to impede discovery in what was already a significant and complex case.

20. Notably, the Parties have selected two agreed upon third party mediators and are in the process of scheduling mediation in this matter to occur in May. Plaintiff continues to work on his damage related expert reports despite the current restrictions on travel and the impediment it has created for ongoing discovery in this matter. Plaintiff intends on providing these reports as soon as practical along with individualized demands to each of the Defendants in this matter for their consideration in advance of the mediation that is being scheduled between the Parties.

21. Despite the diligent effort and corporation of all Parties, the current trial date and governing pretrial deadlines do not afford an adequate amount of time to prepare this matter for trial.

22. In light of the logistical hurdles to completing the document requests and

completing the depositions of the key percipient witnesses and the time required to complete expert designations and depositions, it is requested that the court vacate the current trial date of June 6, 2020, and convert the trial date to a trial setting conference.

23. Based upon the anticipated delays in completing the discovery, and making allowances for additional, unforeseen delays, I am informed and believe that a reasonable trial continuance of six months is necessary to prepare the matter for trial.

24. Good cause exists for the continuance of the current trial setting until at least **November 2, 2020**.

25. The requested relief is not sought for the purposes of delay but so justice may be done.

26. Therefore, it is the request of Plaintiff and its counsel that the Court continue the trial until November 2, 2020, so that the parties may complete discovery to prepare for trial. Plaintiff further requests that the Court enter an amended Docket Control Order in line with the Proposed Order attached as Ex. B to the subject motion.

27. Under penalty of perjury pursuant to the laws of the United States, I affirm and declare that the preceding statements are true and correct, unless such matters are stated upon information and belief and, in those situations, I am informed and believe that such matters are true and correct.

**DATED:  March 26, 2020**                    **ARNOLD & ITKIN LLP**

By: _____
JASON A. ITKIN
NOAH M. WEXLER
Attorneys for Plaintiff MATTHEW MADDUX

**Declaration of Noah M. Wexler**