Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.: 310-854-4444

Jason A. Itkin (*Pro Hac Vice*)
Noah M. Wexler (*Pro Hac Vice*)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
jitkin@arnolditkin.com
nwexler@arnolditkin.com
jaiteam@arnolditkin.com

***Attorneys for Plaintiff***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MATTHEW MADDUX<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL DYNAMICS LAND SYSTEMS, INC.; HONEYWELL INTERNATIONAL INC.; and DOES 1-100, inclusive,<br><br>*Defendants*. | Case No. 02:19-cv-05815-SVM-SS<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO CONTINUE TRIAL DATE, DISCOVERY DEADLINE, AND HEARING DATE/BRIEFING SCHEDULE ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>**DATE: *EX PARTE*<br>TIME: IMMEDIATE CONSIDERATION REQUESTED**<br><br>Assigned to Hon. Stephen V. Wilson<br>Courtroom: 10A<br>Magistrate Jean P. Rosenbluth<br>Courtroom: 590<br><br>**Complaint Filed:        April 11, 2019<br>1ˢᵗ Amend Complaint:  Oct. 23, 2019<br>Trial Date:              May 4, 2021** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Matthew Maddux ("Plaintiff" or "Maddux"), by and through counsel, and pursuant to Local Rules 7-3, 7-4, 7-11, 16-9, 40-1, and this Court's Standing Order and Procedures and moves the Court (i) for a continuance of the May 4, 2021 trial date and corresponding extension of pretrial deadlines; and (ii) for a continuance of the hearing on Defendants General Dynamic Land Systems, Inc. ("GDLS") and Honeywell International Inc.'s ("Honeywell") (collectively "Defendants") motions for summary judgment which are currently set for March 29, 2021.[1]  More specifically, Plaintiff's request that that :

- The current May 4, 2021 trial setting be moved to a date no earlier than **September 6<u>th</u>, 2021** or thereafter based upon the Court's availability;
- The current **March 26, 2021** discovery deadline be continued to 30 days prior to trial;
- That Plaintiff's response to Defendants' now pending motions for summary judgement be due on **April 26, 2021**;
- That Defendants reply in support of their respective motions be due on **May 17, 2021**; and
- That the current March 29, 2021 hearing on Defendants' respective motions for summary judgement be reset for **June 7, 2021**.

**This motion is unopposed**. The Court should grant Plaintiff relief because:

1.      This is a complex and highly technical case involving catastrophic injuries to Matthew Maddux, a United States Marine reservist. Discovery to date

---

[1] For the convenience of the Court and its staff, Plaintiff provides a proposed Order and attached as Exhibit B.

includes decades of information, a quarter million pages in documentary evidence, twenty-six (26) depositions, and expert reports from six engineers.

2.    Last week, Defendants filed separate summary-judgment motions attaching thousands of pages of evidence. *See* (Doc. 87 and 91) (Defendants' Motions for Summary Judgement).  By operation of this District's local rules Plaintiff has only seven (7) days to review, digest and respond to the voluminous and detailed motions. These motions also rely on detailed, technical declarants from several witnesses, some of which had not been previously disclosed.[2]  Moreover, as explained in detail below, additional discovery is required before this matter will be ready for trial.

3.    As such, there is "good cause" to continue both the March 29 summary judgment hearings and May 4 trial setting so that discovery can be completed, and Plaintiff can fully respond to Defendants' respective motions. *See* (Declaration of Noah M. Wexler).

4.    To be clear, the parties have completed an enormous amount of discovery.  Hundreds of thousands of pages of documents have been produced, twenty-six witnesses have been deposed despite COVID-19 restrictions and inherent difficulties in coordinating with various military branches and witnesses located in a multitude of states across the country, and the parties exchanged reports from their 18 retained experts. This progress is a testament to the parties' and counsels' cooperative effort to prepare this case for trial.

5.    However, even with these efforts, additional discovery is necessary before Plaintiff should be required to respond to Defendants' respective motions for summary judgement and before this matter will be ready for trial.

---

[2] The hearing on the summary judgment motions is set for March 26, 2020. The mechanics of the applicable Local Rule 7-9 requires that Plaintiff's response to each of these motions be filed by March 8, 2021, which is seven (7) days after the motions' filing. Consequently, Plaintiff has one week to download these voluminous materials, review them, and provide a response—which is inherently unreasonable given the complexity of issues, voluminous nature of the motions, importance of the motions, and the desire to present a full, complete, and well-reasoned record and response to the Court for its consideration.

6.      For these reasons, and for the reasons stated below in Plaintiff's memorandum of points and authorities, good cause exists, and the Court should grant Plaintiff's Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.      Procedural History & Current Schedule**

7.      Plaintiff Matthew Maddux is a U.S. Marine who suffered catastrophic injuries during a non-live fire tank exercise at 29 Palms.  Plaintiff filed his Original Complaint against General Dynamic Land Systems, Inc.  ("GDLS") on April 14, 2019 in the Superior Court in the County of Los Angeles. (Doc. 1). GDLS subsequently removed the case based upon its assertion of enclave and diversity jurisdiction on July 5, 2019. (Doc. 1).

8.      On August 5, 2019, the Court held a status conference and set a trial date of March 31, 2020. (Doc. 19). On October 23, 2019, Plaintiff amended his Complaint and to add Honeywell as a defendant. (Doc. 24). Honeywell filed its answer on December 2, 2019. (Doc. 30). On January 7, 2020, Honeywell filed a Stipulation to Vacate Trial Date. (Doc. 36). Thereafter, the Court set this matter for trial on June 9, 2020. (Doc. 37). On March 26, 2020, the parties filed a Joint Stipulation and Agreed Motion for Continuance. (Doc 49). The Court granted the motion to continue and set trial for November 17, 2020. (Doc. 50). On July 7, 2020, the parties again agreed and stipulated to continue the trial setting. (Doc. 57).

9.      Upon review of the July 2020 motion, the Court moved the trial to its current setting, May 4, 2021.

10.      On Friday, February 26, 2021, Honeywell filed a redacted version of its dispositive motion for summary judgment including a 37-page memorandum in support and a 53-page statement of undisputed facts. Hundreds of *documents* comprising over 3,800 pages were attached as exhibits. (Doc. 84-88). Honeywell's motion also attached an affidavit from a GDLS's witness, Gerry Vorst, who has yet

to be deposed. (Doc. 87-5). The hearing on Honeywell's motion was scheduled for March 29, 2021. (Doc.87).

11.    The same day, GDLS filed a redacted version of its Motion for Summary Judgment, which included a 29-page memorandum in support, a 38-page statement of facts, and over 1000 pages of exhibits attached. (Doc. 91). GDLS's motion also attached affidavits from the following declarants, none of whom have yet been deposed: Mark Parquette, Tiffany Kinstel, Gerry Vorst, Henry Kennedy, Stan Krasucki, Michelle Horton. The hearing on GDLS's motion is also scheduled for March 29, 2021. (Doc. 91).

12.    By operation of this Court's Local Rule 7-9, Plaintiff has one week to respond to the two expansive and voluminous motions despite the need for additional discovery.  Consequently, Plaintiff seeks a continuance of both the trial date and these hearing dates.

**B.    Additional Discovery Is Required**

13.    This case involves a massive amount of discovery because of the complexity and sophisticated nature of the facts. While discovery is nearing completion, more is required.

14.    First and foremost, Plaintiff wishes to and is entitled to cross examine the declarants who were not previously identified and which Defendants each center their instant dispositive motions around. These declarants are:

            a.    Mark Parquette (Doc. 91-6 at p. 52)

            b.    Tiffany Kinstel (Doc. 91-6 at p. 41)

            c.    Gerry Vorst (Doc. 91-6 at p. 56) (Doc. 87-5)

            d.    Henry Kennedy (Doc. 91-6 at p. 37)

            e.    Stan Krasucki (Doc. 91-6 at p. 44)

            f.    Michelle Horton (Doc. 91-6 at p. 4)

15.    In addition, the following depositions need to be completed prior to trial

but cannot be completed before the March 26, 2021 discovery deadline:

  a. Dr. Rodney Chan, M.D., one of plaintiff's primary treating physicians;

  b. Dr. Johnathan Chon, one of Plaintiff's primary treating physicians;

  c. Dr. John Culhan, one of Plaintiff's primary treating physicians;

  d. Dr. John Bruno, one of Plaintiff's primary treating physicians;

  e. GDLS's corporate representative on 30 tailored and detailed topics, Ex. A (Notice of Deposition).

16. Plaintiff also wishes to depose the following Defense experts (while forgoing the need to for depositions on Defendants' remaining retained experts):

  a. Nathan T. Dorris, Ph.D., CPE, Human Factors

  b. Dr. Glen Stevick, P. E. PhD., NBC Mechanical Engineer

**C. Good Cause Exists To Move The Summary Judgment Hearing Date**

17. The Federal Rules provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6. The Rule, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983). "Good cause" is a non-rigorous standard. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (internal citations omitted).

18. In *Anhanchian*, the Ninth Circuit held it an abuse of discretion to deny relief under facts similar to those here. In *Anhanchian*, the defendants waited until the last possible day to file two motions for summary judgment. Their moving papers were extensive. The plaintiff had only five business days to draft his oppositions.

After the district court denied his request for an extension of time to file the oppositions, the plaintiff filed his oppositions three days late. The district court denied relief and granted summary judgment. *Id.* at 1256-1257. The Ninth Circuit held it was an abuse of discretion. The Court held that the circumstances of Ahanchian's predicament clearly demonstrate the "good cause" required by Rule 6(b)(1) in part because "Ahanchian faced an exceptionally constrained deadline resulting from the peculiar dictates of the local rules for the Central District of California."[3] *Id.* at 1259. The Ninth Circuit court also stated that "[c]ritically, the record is devoid of any indication that Ahanchian's counsel acted in bad faith or that an extension of time would prejudice defendants." *Id.*, 1260.

19.    Here, by operation of the local rules, and the timing of Defendants' filing, Plaintiff is provided five business days to respond to two motions consisting of thousands of pages of evidence, multiple previously undisclosed declarations, and zero opportunity to depose these new purported declarants. The Court should allow Plaintiff additional time to prepare its response so that discovery can be completed and so the Court can consider these motions on a full and complete record.

20.    Considering the complexity of the issues before the Court, the newly identified declarants, the need for additional discovery, the impediments created by COVID-19, and the inherent issues involved with securing depositions given the nature of this case, the Court should grant Plaintiff's request.

21.    This is the first request for a continuance of any responsive pleading deadline that Plaintiff has made in this matter. To be clear, Plaintiff has no interest in unnecessary delay. Plaintiff simply asks for a fair and reasonable opportunity to complete discovery and respond to Defendants' motion. The current schedule and

---

[3] The Court in *Ahanchian* noted that the Central District of California's "abbreviated timeline is unusual; every other district in [the ninth circuit] guarantees nonmovants at least fourteen days to file an opposition to a motion." *Id.* at n. 6.

mechanics of the local rules does not provide for this opportunity. As such, Plaintiff's motion should be granted.

**D.    <u>Good Cause Exists to Continue the Trial Date</u>**

22.    Federal Rule of Civil Procedure, Rule 16(b) expressly provides that a district court's scheduling order may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b). In assessing the need for a continuance, courts consider four factors: (1) the requesting party's diligence in preparing his case for trial; (2) the need for the continuance; (3) whether granting the continuance will inconvenience the court and the opposing party, including its witnesses; and (4) the extent to which the party requesting the continuance will suffer harm because of the district court's denial. *U.S. v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir. 1985).

23.    Here, good cause exists under each of the four factors. First, Plaintiff has diligently prepared for trial. As demonstrated above, the factual scope of this case is massive and working through discovery has involved the monumental tasks of extracting information from the United States government, deposing more than two dozen witnesses (including military personnel across the country and around the world), and collecting and analyzing over 250,000 documents. The parties undertaking has been made more difficult given the realities arising from the ongoing COVID-19 pandemic. Yet Plaintiff has persistently stayed the course and the first factor weighs in favor of a continuance.

24.    Second, Plaintiff requires a continuance to complete the remaining discovery. Completing these depositions over the next three weeks, before the current discovery cutoff date of March 26, 2021, is impossible given the need to coordinate multiple parties schedules and the Parties', counsels', and witnesses', existing commitments. Accordingly, the second factor weighs in favor of a continuance of the trial date, discovery deadline, and the hearings on Defendants' motions for summary judgement.

25.    Third, there is no inconvenience to Defendants. Likewise, there is no inconvenience to the Court.  According to the current posted information, jury trials in the United States District Court for the Central District of California are currently suspended under the Court's current COVID-19 Operations Plan. *See* https://www.cacd.uscourts.gov/news/expiration-continuity-operations-plan.    ("no jury trials will be conducted in civil cases"). Their resumption within the next two months is uncertain. Thus, this factor also weighs for Plaintiff's motion for continuance of the trial date, discovery deadline, and the hearings on Defendants' motions for summary judgement.

26.    Fourth, Plaintiff will suffer harm if the Court denies this Motion. Plaintiff has only five business days to respond to *two* lengthy, fact-intensive, and technical summary-judgment motions that attach multiple detailed declarations from individuals who were not previously disclosed to Plaintiff. The depositions of Defendants' declarants, corporate representative(s) and certain specific expert witnesses are vitally important. Without the opportunity to test these witness' knowledge, theories, and expertise Plaintiff will be at a significant disadvantage before the jury even takes a seat.  Moreover, Plaintiff cannot present the Court a complete record for consideration of Defendants' respective motions before completion of requisite discovery. Accordingly, the fourth factor weighs in favor of continuing this case and the hearings on Defendants' motions for summary judgement.

27.    Lastly, postponement of the current trial setting is  necessary because the deadlines set forth in the Scheduling Order "cannot reasonably be met despite the diligence of Plaintiffs." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16, Advisory Committee's Notes (1983 amendment)). Accordingly, for good cause shown, the Court should grant Plaintiff's requested

continuance of the trial date, discovery deadline, and the hearings on Defendants' motions for summary judgement.

**E.    Conclusion**

For these reasons, and for good cause shown, the Court should grant Plaintiff's motions.  Plaintiff respectfully requests Plaintiff's request that:

- The current May 4, 2021 trial setting be moved to a date no earlier than **September 6th, 2021** or thereafter based upon the Court's availability;

- The current **March 26, 2021** discovery deadline be continued to 30 days prior to trial;

- That Plaintiff's response to Defendants' now pending motions for summary judgement be due on **April 26, 2021**;

- That Defendants reply in support of their respective motions be due on **May 17, 2021**; and

- That the current March 29, 2021 hearing on Defendants' respective motions for summary judgement be reset for **June 7, 2021**.

**DATED: March 4TH , 2021.**

**KIESEL LAW LLP**

By:    */s/ Paul R. Kiesel*
       Paul R. Kiesel
       Melanie Palmer

**ARNOLD & ITKIN LLP**

By:    */s/ Noah M. Wexler*
       Noah M. Wexler *(Pro Hac Vice)*

***Attorneys for Plaintiff Cpl. Matthew Maddux***

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 4, 2021.


By:    */s/ Noah M. Wexler*
            Noah M. Wexler

# **CERTIFICATE OF CONFRENCE**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 1st, 2021 and March 3rd, 2021. Based upon conference of counsel, Defendants have indicated that they <u>do not oppose or object to the relief requested herein</u>. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 4, 2021.


By:    */s/ Noah M. Wexler*
            Noah M. Wexler

Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.: 310-854-4444

Jason A. Itkin (*Pro Hac Vice*)
Noah M. Wexler (*Pro Hac Vice*)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
jitkin@arnolditkin.com
nwexler@arnolditkin.com
jaiteam@arnolditkin.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MATTHEW MADDUX | Case No. 02:19-cv-05815-SVM-SS |
| *Plaintiff*, | **EXHIBIT A TO PLAINTIFF'S UNOPPOSED *EX PARTE* MOTION TO CONTINUE TRIAL DATE, DISCOVERY DEADLINE, AND HEARING DATE/BRIEFING SCHEDULE ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| GENERAL DYNAMICS LAND SYSTEMS, INC.; HONEYWELL INTERNATIONAL INC.; and DOES 1-100, inclusive, | |
| *Defendants*. | **DATE: *EX PARTE*** **TIME: IMMEDIATE CONSIDERATION REQUESTED** |
| | Assigned to Hon. Stephen V. Wilson Courtroom: 10A Magistrate Jean P. Rosenbluth Courtroom: 590 |
| | **Complaint Filed:    April 11, 2019** **1st Amend Complaint:  Oct. 23, 2019** **Trial Date:          May 4, 2021** |

Paul R. Kiesel, State Bar No. 119854
*kiesel@kiesel.law*
Melanie Meneses Palmer, State Bar No. 286752
*palmer@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.: 310-854-4444
Fax: 310-854-0812

Jason A. Itkin (*Pro Hac Vice*)
Noah M. Wexler (*Pro Hac Vice*)
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com
jaiteam@arnolditkin.com
e-service@arnolditkin.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MATTHEW MADDUX | Case No. 02:19-cv-05815-SVM-SS |
| *Plaintiff*, | **PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING ORAL AND VIDEO 30(b)6 DEPOSITION OF GENERAL DYNAMICS LAND SYSTEMS, INC.** |
| v. | |
| GENERAL DYNAMICS LAND SYSTEMS, INC.; HONEYWELL INTERNATIONAL INC.; and DOES 1-100, inclusive, | Deposition Date:    December 15, 2020 Deposition Time:   9:00 a.m. PST |
| *Defendants*. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the video deposition pursuant to Federal Rules of Civil Procedure 30(b)6 of a person(s) designated, qualified, and reasonably educated to testify on behalf of and bind Defendant General Dynamics Land Systems, Inc. in this matter.  Said deposition will take place on December 15, 2020, at 9:00am by video live conferencing via Zoom, before a Notary Public or other deposition officer in and for the State of California.

**ZOOM INFO:** Join Zoom Meeting

https://us02web.zoom.us/j/81306972830?pwd=Y3hGMUFhcTBHK3lKTzFOZ3VnMG5EQT09

Meeting ID: 813 0697 2830
Passcode: 145094

One tap mobile
+13462487799,,81306972830#,,,,,,0#,,145094# US (Houston)
+12532158782,,81306972830#,,,,,,0#,,145094# US (Tacoma)

Dial by your location
        +1 346 248 7799 US (Houston)
        +1 253 215 8782 US (Tacoma)
        +1 669 900 6833 US (San Jose)
        +1 312 626 6799 US (Chicago)
        +1 929 205 6099 US (New York)
        +1 301 715 8592 US (Washington D.C)

The matters for examination shall be:

1.   The operation, inspection, and maintenance of the subject tank's Nuclear, Biologic, and Chemical ("NBC") system that was present in the subject tank on April 16, 2017.

2.   The design specifications, as of April 16, 2017, for the subject tank's:

      A. NBC system;
      B. Air Cycle Machine;
      C. Prioritization Valve;
      D. RHNB;
      E. Circuit Breaker 26; and
      F. Sponson box drain tube orifice

3.   Any recommendations, instructions, directions and/or warnings for the use, inspection, testing, maintenance, replacement, and/or repair of the items identified in Number 2 (A-F) above created and/or issued by Defendant prior to April 16, 2017.

4.   Any manuals, instructions, checklists, guides, guidelines, safety of usage messages, and/or warnings which pertain to the maintenance, sustainment, repair, inspection, and/or use of the items identified in Number 2 (A-F) above created and/or issued by Defendant prior to April 16, 2017.

5.   The basis, origin, and/or source for any recommendations, instructions, directions and/or warnings for the use, inspection, testing, maintenance, replacement, and/or repair of the items identified in Number 2 (A-F) above created and/or issued by Defendant prior to April 16, 2017.

6.   Any safer alternative designs considered by Defendant for the item identified in Number 2(B) above on or before April 16, 2017.

7.   Any safer alternative designs considered by Defendant for the item identified in Number 2(F) above on or before April 16, 2017

8.    Any inspections, modifications, repairs, and/or replacements of the subject tank's NBC system, ACM, prioritization value, Circuit Breaker 26, or sponson box drain tube orifice from January 1, 2015 through April 16, 2017.

9.    Any contracts to which Defendant is a party or under which Defendant's provides services which pertain to the sustainment, inspection, maintenance, or repair of the subject tank, its NBC system, its ACM, its prioritization valve, or its circuit breaker 26. This request specifically includes, but is not limited to, the following documents and their respective appendixes, if any:

       A. W56HZV-06-R-0377;
       B. W56HZV-12-C-0046;
       C. W56HZV-12-R-0184;
       D. W56HZV-13-C-0017;
       E. W56HZV-14-C-0054;
       F. W56HZV-16-R-0062;
       G. W56HZV-17-C-0067; and/or
       H. W56HZW-5126-252Z

10.    Any service requested, provided, or performed by Defendant in connection with any of the documents identified in item number **9** above with respect to the subject tank from January 1, 2015 through April 16, 2017.

11.    Any correspondence, work orders, logs, records, requests, notices, procurement documentation, acceptance documentation, agreements, specifications, and/or other documents which relate to service requested, provided, or performed by Defendant in connection with any of the documents identified in item number **9** above with respect to the subject tank from January 1, 2015 through April 16, 2017.

12.    Any maintenance requests made to Defendant for the subject tank's NBC systems from January 1, 2015 through April 16, 2017.

13.    All non-privileged communications between Defendant and any other named Defendant, governmental or regulatory agency, or other third parties relating to the subject tank and/or underlying incident from April 16, 2017 to present.

4

14.    The identity of employees and/or agents of Defendant who performed, participated, or attended any investigation of the underlying incident or inspection of the subject tank, its NBC system, its ACM, its prioritization valve, or its circuit breaker 26, and/or their respective components, controls, instruments, parts, and/or appurtenances

15.    Any root cause analysis (or similar analysis) relating to the subject incident conducted by Defendant or at Defendant's request.

16.    Any notices, warnings, and/or reprimands, issued to any of Defendant's employees secondary to the subject incident.

17.    Any training or re-training Defendant required of any of their employees to participate in secondary to the subject incident.

18.    The employment, training, job duties, responsibilities, and and/or any work requested and/or performed by Don Corp while assigned to 29 palms from January 1, 2015 through April 16, 2017.

19.    The names, job duties, and responsibilities of any persons employed or paid by Defendant who was stationed at or assigned to 29 Palms from January 1, 2015 through April 16, 2017.

20.    The names, job duties, and responsibilities of any subject matter expert, consultant, contractor represented, field service representative, field service technician, and/or field service engineer, who inspected, tested, repaired, maintained, modified, or handled any aspect of the subject tank in any manner from January 1, 2015 through April 16, 2017.

21.    All RCCA records which relate to the subject tank from January 1, 2015 through April 16, 2017.

22.    All Safety System Assessment Reports (SSAR) which relate to the subject tank from January 1, 2015 through April 16, 2017.

23.    All Field Problem Reports (FPRs) which relate to the subject tank from January 1, 2015 through April 16, 2017.

24.    All Fire Injury Accident Reports (FIARs) which relate to the subject tank from January 1, 2015 through April 16, 2017.

25.    All Field & Test Report System (FTRS) which relate to the subject tank from January 1, 2015 through April 16, 2017.

26.    All Preventative Maintenance Checks & Services (PMCS) which relate to the subject tank from January 1, 2015 through April 16, 2017.

27.    All 2404s which relate to or pertain to the subject tank's NBC system from January 1, 2015 through April 16, 2017.

28.    All communications, contracts, documents by or between Defendant and any agent for the U.S. Government, any branch of the US Military, USMC, US Army, Anniston Army Depo, 29 Palms, and/or U.S. Army Tank-Automotive & Armaments Command which relate to or reference any Abrams NBC filter fire, NBC fire, ACM seizure or failure or other similar incident from January 1, 2010 through April 16, 2017.

29.    All correspondence and/or other documents which pertain to, relate to, and/or reference the Abrams NBC System Fire Prevention Program from January 1, 2010 through April 16, 2017.

30.    All service and maintenance warranties and/or representations provided to the any agent for the U.S. Government, any branch of the US Military, USMC, US Army, Anniston Army Depo, 29 Palms, and/or U.S. Army Tank Automotive & Armaments Command which related to or concern the subject tank.

//    //

//    //

//    //

//    //

//    //

//    //

6

**KIESEL LAW LLP**

By:    /s/ Noah M. Wexler
       Paul R. Kiesel,
       State Bar No. 119854
       kiesel@kiesel.law
       Melanie Meneses Palmer,
       State Bar No. 286752
       palmer@kiesel.law
       KIESEL LAW LLP
       8648 Wilshire Boulevard
       Beverly Hills, California 90211-2910
       Tel.:  310-854-4444
       Fax:   310-854-0812

       and

**ARNOLD & ITKIN LLP**

       Jason Itkin, *Pro hac granted*
       Noah Wexler, *Pro hac granted*
       John Benjamin Bireley, *Pro hac granted*
       6009 Memorial Drive
       Houston, TX  77007
       Tel.:  713-222-3800
       Jaiteam@arnolditkin.com

       ***Attorneys for Plaintiff Matthew Maddux***

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Harris, State of Texas. My business address is 6009 Memorial Drive, Houston, Texas 77007.

On November 16, 2020, I served true copies of the following document(s) described as **PLAINTIFF, MATTHEW MADDUX'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF GENERAL DYNAMICS LAND SYSTEMS, INC.** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nespinal@arnolditkin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 16, 2020, at Houston, Texas.


/s/ Narissa Espinal
Narissa Espinal

## **SERVICE LIST**

1

2   Steven M. Polito, Esq.
    William T. Pascoe, Esq.
3   Lorber, Greenfield & Polito LLP
    13985 Stowe Drive
4   Poway, CA 92064
    Tel.: (858) 513-1020
5   Fax: (858) 513-1002
    spolito@lorberlaw.com;
6   wpascoe@lorberlaw.com
    Counsel for Defendant, General Dynamics Land Systems, Inc.
7

8   Derek S. Whitefield, Esq.
    Tamara A. Bush, Esq.
    Dykema
9   333 South Grand Avenue, Suite 2100
    Los Angeles, CA 90071
10  Tel: (213) 457-1800
    Fax: (888) 226-2183
11  DWhitefield@dykema.com
    TBush@dykema.com
12  Counsel for Defendant, Honeywell, International

13  Paul R. Kiesel, Esq.
    Melanie Meneses Palmer, Esq.
14  Kiesel Law, LLC
    8648 Wilshire Blvd.
15  Beverly Hills, CA 90211-2910
    Tel. (310) 854-4444
16  Fax. (310) 854-0812
    kiesel@kiesel.law
17  palmer@kiesel.law

18

19

20

21

22

23

24

25

26

27

28